# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50286 | **DATE** | 2/12/2003 |
| **CASE TITLE** | HYATTE vs. WINNEBAGO COUNTY RECORDER, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, plaintiff's motion to disqualify Gary Kovanda and the Winnebago County State's Attorney's Office is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 12 2003 date docketed | 28 |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| /SEC | courtroom deputy's initials | 12 AM 8:49 | FEB 12 2003 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

On August 6, 1999, plaintiff, Gloria Hyatte, filed a state court action against defendants, Winnebago County Recorder of Deeds and Winnebago County, asserting racial discrimination in violation of 42 U.S.C. §§ 1981 and 2000 et seq. Defendants removed the action to this court pursuant to 28 U.S.C. § 1441. Plaintiff subsequently filed another action in this court on March 16, 2000, against Winnebago County. These cases were consolidated on June 12, 2000. Plaintiff moves to disqualify Assistant State's Attorney Gary Kovanda and the Winnebago County State's Attorney's office from representing defendants because Charles Prorock, an assistant state's attorney has been named by defendants as their Fed. R. Civ. P. 30 (b) (6) witness and will be called by plaintiff as a witness at trial. Prorock had entered his appearance for defendants in these cases before consolidation and, after consolidation, was granted leave to withdraw on May 22, 2002.

LR83.53.7(c) of this court's local rules provides that "[e]xcept as prohibited by LR83.51.7 or LR83.51.9, a lawyer may act as advocate in a trial or evidentiary proceeding in which another lawyer in the lawyer's firm may be called as a witness, and nothing in this rule shall be deemed to prohibit a lawyer barred from acting as an advocate in a trial or evidentiary proceedings from handling other phases of the litigation." LR83.51.7 and LR83.51.9, which deal with situations where an attorney's representation of a client conflicts with the representation of other clients or former clients, are not implicated in this matter. This case falls within the general rule that an attorney may represent a client even where another attorney in his office will be a witness. Plaintiff's arguments that the state's attorney's office and Kovanda should be disqualified because Prorock worked on this case and because Kovanda (assuming he is trial counsel) will be vouching for the truth and veracity of Prorock, his supervisor, does not establish this matter falls outside the general rule of LR 83.53.7(c). Because the rule specifically allows an attorney barred from being an advocate at trial to work on other aspects of the litigation, Prorock could work on the case in a non-advocate role. His work on the case is, therefore, not a basis to disqualify the other members of his office from serving as advocates in the case. The rule does not provide for disqualification of subordinate attorneys as advocates because their supervising attorney is a witness. Attorney disqualification is a drastic measure which should be imposed only when absolutely necessary and the party seeking disqualification has the burden of demonstrating its necessity. In re DeVlieg, Inc., 174 B.R. 497, 504 (N.D. Ill. 1994) (Reinhard, J.), appeal dismissed, 56 F.3d 32 (7th Cir. 1995). Plaintiff has not met this burden.

Plaintiff's motion to disqualify Gary Kovanda and the Winnebago County State's Attorney's Office is denied.